UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENGFEI CHEN,<br><br>　　　　Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>　　　　Respondents. | Case No. 1:26-cv-00906-JLT-EPG<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRAE JUDGE AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Tengfei Chen is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

Petitioner is a citizen of China who entered the United States on October 27, 2023, where he was encountered by immigration officials near Tecate, California. (Doc. 11-1 at 4.) He was served with a Notice to Appear, placed in removal proceedings pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act and was released on his own recognizance. (*Id.*)

On or about November 24, 2025, Petitioner was arrested by Immigration and Customs

1  Enforcement for violating the conditions of his release. (*Id.*) ICE claims that this occurred on
2  November 4, 2025, when he was arrested for disorderly conduct: alcohol. (*Id.*) He is currently
3  detained at the California City Detention Facility in California City, California. (*Id.*) On February
4  2, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,
5  asserting that his due process rights have been violated. (Doc. 1.) On March 5, 2026, Respondents
6  filed a motion to dismiss the Petition on the grounds that Petitioner's detention is "mandatory"
7  under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 11 at 1-2.)

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.   DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 13.)[1] To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 11 at 1-2.) Courts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9,

---

[1] Petitioner also claims his unlawful detention constitutes a violation of the Immigration and Nationality Act, the Administrative Procedure Act, and the Suspension Clause of the U.S. Constitution. (Doc. 1 at 11-20.) Given that Petitioner's due process claim serves as the basis for relief and Petitioner's immediate release from detention, the Court declines to address Petitioner's additional claims.

1  2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov.
2  24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal.
3  Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D.
4  Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D.
5  Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889
6  (E.D. Cal. Jan. 20, 2026).

7      Respondents offer little to rebut Petitioner's due process claim and do not provide any
8  justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders,
9  the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due
10 Process Clause of the Fifth Amendment. Even still, his November 2024 arrest justifies a bond
11 hearing, rather than release.

## IV.   CONCLUSION AND ORDER

13   1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

14   2.    **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a
15 later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an
16 immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d
17 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence
18 that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at
19 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so
20 great a flight risk as to require detention without bond," the immigration judge should consider
21 Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*,
22 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in
23 accordance with this order, Respondents are ordered to immediately release Petitioner.

24   3.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **March 6, 2026**

                              UNITED STATES DISTRICT JUDGE